

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. **4:22-CR-503-HEA/PLC** |
| CHRISTOPHER D. GRUEBBEL, | ) ) | |
| Defendant. | ) ) ) | |

## INDICTMENT

The Grand Jury charges that:

### COUNT I
**Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B))**

At all times material to the charges in this Information:

I. Federal law defined the term

   a. "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

   b. "sexually explicit conduct" to mean actual or simulated—

      i. sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

      ii. bestiality,

      iii. masturbation,

      iv. sadistic or masochistic abuse, or

      v. lascivious exhibition of the anus, genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

c. "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

d. "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

i. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

ii. such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)(A) and (C)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. On or about October 24, 2012, in the United States District Court for the Eastern District of Missouri, in *United States of America v. Christopher D. Gruebbel*, Cause No. 4:12-CR-253-ERW, the defendant pleaded guilty to two counts of Possession of Child Pornography and was sentenced on or about August 1, 2013, to 51 months' imprisonment followed by a life term of supervised release.

4. Between on or about September 15, 2021, and on or about November 16, 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**CHRISTOPHER D. GRUEBBEL**,

did knowingly possess material that contained images and videos of child pornography that were produced using material that traveled in interstate and foreign commerce, to wit, an Apple iPad Pro tablet, that was produced outside the State of Missouri and therefore traveled in interstate and foreign commerce, and said Apple iPad Pro contained child pornography, including, but not limited to, the following:

    a.    MD5 hash 26091A56B51B8E801B8E547EB29E7295, a graphic image file that depicts a naked prepubescent minor male in a lascivious display of his genitals;

    b.    MD5 hash A2E4C3540EF41EE08A3A4B9FBA952D12, a graphic image file that depicts a male engaging in graphic sexual intercourse with a prepubescent minor male;

    c.    MD5 hash D0C51D274D1C8A1BFC559EC747870C01, a graphic video file that depicts a male engaging in graphic sexual intercourse with a naked prepubescent minor male;

    d.    "14 yo gets his cock sucked outside.mpg," a graphic video file that depicts two pubescent minor males engaged in oral sex;

In violation of Title 18, United States Code, Section 2252A(a)(5).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(5) as set forth in Count I of the Information, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. HP laptop computer, model number 15-D0011DX, serial number CND8237N9J, containing a 1TB Seagate hard drive;

    b. Apple iPad Pro, model number A2014, serial number F6QFD001KC48; and

    c. Apple iPod Touch 6, model number A1574, serial number CQX39AWGGNL.

3. If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                 A TRUE BILL.


                  _____
                  FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney