UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00503-HEA |
| | ) |
| CHRISTOPHER D. GRUEBBEL, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow, Assistant United States Attorneys for said District, submits its Sentencing Memorandum and respectfully recommends that this Court impose a term of incarceration of 120 months, which is within the United States Sentencing Guidelines ("Guidelines") range.[1]  Such a sentence is warranted under the relevant sentencing factors.

**I.  A sentence within the Guidelines range is appropriate based on the relevant sentencing factors.**

In imposing a sentence, this Court must consider the relevant factors enumerated in 18 U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Section 3553(a) instructs that this Court must:

> impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide

---

[1] The United States agrees with Guidelines calculation for Defendant as set forth in the Presentence Investigation Report.  Specifically, Defendant has a total offense level of 28 and a criminal history category of III, resulting in a Guidelines range of 97 to 121 months of incarceration.  However, because the statutory mandatory minimum sentence is 120 months, the effective Guidelines range is 120 to 121 months of incarceration. *See* Doc. 34 ("PSR"), paras. 24–44, 79–80.

1

> just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up). Under the statute, this Court should also consider "'the nature and circumstance of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established by the Guidelines,' 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)). Here, the relevant sentencing factors demonstrate that a sentence within the Guidelines range is appropriate.

In particular, the nature and circumstances of Defendant's offense are undoubtedly serious and warrant a Guidelines sentence. At the time of his offense, Defendant was on supervised release for a previous conviction for possession of child pornography. *United States v. Gruebbel*, Case No. 4:12-CR-00253-HEA (E.D. Mo.). Despite this conviction and his supervision, Defendant engaged in the very same offense. Moreover, Defendant appeared to go to some lengths to hide his offense from the U.S. Probation Office. While on supervision, Defendant was living at an unapproved address for approximately one month and did not disclose his change of residence to his Probation Officer. When the Probation Officer discovered Defendant at this undisclosed address, the Officer located multiple unapproved electronic devices in Defendant's possession, including devices which contained the child pornography and suspected child pornography at issue in this case. Finally, beyond his offense conduct, Defendant engaged in "baiting"—creating fake social media accounts and posing as a young adult female in order to induce others to send him nude and sexual images and videos of themselves.

As to his history and characteristics, as noted above, Defendant committed the instant offense while on supervised release for a previous conviction of possession of child pornography.

2

In that case, Defendant received a sentence of 51 months' imprisonment to be followed by a lifetime term of supervised release.  *See* PSR, para. 40.  That Defendant has continued to engage in the same criminal conduct speaks to his history and characteristics and the need for a Guidelines sentence in this case.

As the law requires, these aggravating factors must be balanced against any mitigating history and characteristics of Defendant.  While the PSR identifies mitigating factors in this case that the Court must consider, *see* PSR, para. 102, they do not counteract the serious nature and circumstances of Defendant's offense so as to warrant a variance from the Guidelines.  In any event, Defendant's conviction carries a mandatory minimum sentence of 120 months' incarceration, which is within the applicable Guidelines range.  Balancing all of the relevant factors, the United States believes that the mandatory minimum term of incarceration is appropriate and respectfully requests a sentence of 120 months' imprisonment.[2]

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jonathan A. Clow*
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

---

[2] On the day of his sentencing, Defendant will also appear for a final supervised release revocation hearing, at which the United States anticipates Defendant will admit the violations of his conditions of supervised release alleged in the petition.  *See United States v. Gruebbel*, Case No. 4:12-CR-00253-HEA (E.D. Mo.), Doc. 103.  The United States expects to recommend to the Court that any term of imprisonment upon revocation of his supervised release be imposed concurrently with the sentence in this case.