UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:22-CR-00503-HEA ) |
| CHRISTOPHER GRUEBBEL, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Christopher Gruebbel, by and through counsel, and submits the following memorandum as an aid to the Court for sentencing. Pursuant to a plea agreement, on February 13, 2023, the defendant plead guilty to one count of Possession of Child Pornography under 18 USC 2252A(a)(5)(B) and 18 U.S.C. §2252A(b)(2). (PSR ¶ 1). The parties have agreed to a Total Offense Level of 28. (PSR ¶ 8). The parties agree that either party may request a sentence above or below the sentencing guidelines range set forth in §3553(a).

**The Nature and Circumstances of the Offense**

On November 16, 2021, Mr. Gruebbel was found in possession of child pornography after a probation officer conducted a manual field inspection on Mr. Gruebbel's electronic devices. (PSR ¶ 14). Mr. Gruebbel did admit to possessing nude images and photos of minors.

A forensic search on his devices revealed 201 images and 131 videos of child exploitive and/or suspected child pornography. (PSR ¶ 15).

**The History and Characteristics of the Defendant**

Mr. Gruebbel is thirty-eight years of age is before the Court for his second felony offense. (PSR ¶ 102). Mr. Gruebbel had a rough childhood as he was diagnosed with ADD, ADHD, bipolar disorder, and Cyclothemia, and was bullied a lot because of his learning disability. (PSR ¶ 47, 56). He didn't have much of a relationship with his father as he was raised by his mother and grandmother. (PSR ¶ 47). Mr. Gruebbel suffered repeated abuse as a minor. He was abused by a neighbor of the same age when he was approximately eight, and then again by another child at a group facility he was living in at age fourteen. (PSR ¶ 47).

Mr. Gruebbel was raised in St. Louis, Missouri and has been a lifelong resident. (PSR ¶ 49). Prior to being arrested, the defendant resided with his mother, taking care of his mother and grandmother after his mother had a stroke, and is planning to do so upon release. (PSR ¶ 49). The home visit of the residence has been completed by the probation office, which found the home to be in compliance with the State of Missouri sex offender registry requirements. (PSR ¶ 49). His mother is retired, and Mr. Gruebbel has both a strong social and church community support group that is determined to move him forward in life. (PSR ¶ 47). Counsel has filed a number of character letters as exhibits to this memorandum to show the support Chris has helping him move forward as a productive law abiding citizen once he serves his time in prison. As one of his fellow church members, Paul Himmelsbach, put it, "[Chris] is a good man and he has family, friends and a church community that cares for him and are willing and able to help him move forward in his life. (Ex. D ¶ 2; Ex. A ¶3).

### Reflect the Seriousness of the Offense, to promote Respect for the Law, and to Provide Just Punishment for the Offense

The crime of possession of child pornography is a necessary law in the large spectrum of preventing the exploitation of children. *See United States v. Faulhaber*, No. 8:11CR320, 2012 U.S. Dist. LEXIS 107262, at *11 (D. Neb. July 31, 2012).

There is no question that possession of child pornography is a form of sexual exploitation and serious offense. Mr. Gruebbel is aware of this, has been forthcoming with law enforcement, entered a plea of guilty almost immediately for his actions, and submitted himself to this Court for punishment, which will include a long period of incarceration in the Bureau of Prisons and a long period of intense supervision. (PSR ¶ 2.) These punishments and requirements, along with a 120 month sentence, are more than sufficient and will promote a respect for the law against possessing child pornography, the crime for which Mr. Gruebbel received his convictions.

### To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant

While Mr. Gruebbel has a previous conviction, an indictment in this case came over ten years after his last criminal conduct in 2012. (Presentencing Invest. Report ¶ 40.) Since then, Mr. Gruebbel has been a model citizen as he has maintained employment, remained arrest free, attended counseling sessions, has been a productive law-abiding citizen, and has even taken on the role of caretaker for his grandmother and mother, who suffered a stroke earlier this year. (PSR ¶ 67-72; Ex. A ¶1.); *See United States v. Frappier*, 377 F. Supp 2d 220, 226 (D. Me. 2005) (where defendant convicted of illegally possessing two firearms, court found that eight year period without incident between his purchase of firearm and arrest "substantiates his contention that his possession of the shotgun was…deserving of a less stringent, not more stringent

sentence.") and *United States v. Corneille*, 171 F.3d 748, 754 (2d. Cir. 1999) (among other things, four year pre-indictment delay in perjury prosecution warranted a lesser sentence).

These points, along with the items discussed under the other 3553(a) factors, establish that a 120 month sentence and all other consequences of this conviction would be adequate and deter Mr. Gruebbel from further criminal activity.

## Conclusion

WHEREFORE the defense is requesting that the Court sentence the Defendant to 120 months in the Bureau of Prisons, with any sentence given in his supervised release revocation to run concurrent to that sentence.

Respectfully Submitted,

/s/     Mick Henderson
A. Mick Henderson, #62163MO
Henderson & Waterkotte, P.C.
6 Cardinal Way, Suite 900
St. Louis, MO 63102
Phone: (314) 645-4400
henderson@hwlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 11th day of July, 2023 to be served by the operation of the Court's electronic filing system upon the parties of record.